JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Gerell Shoy

(b) County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Casanecto and Katsiveros, P.C.
4 Hutchinson St, Medea PA 19063

## DEFENDANTS
PA Dept of Transportation

County of Residence of First Listed Defendant: Harrisburg
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights / ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) / ☐ 863 DIWC/DIWW (405(g)) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI / ☐ 865 RSI (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | | ☐ 850 Securities/Commodities/Exchange |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e et seq

Brief description of cause:
Age and ADA Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: N/A
DOCKET NUMBER: _____

DATE: 9/9/23
SIGNATURE OF ATTORNEY OF RECORD: Joseph A. Katsiveros

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

| | |
|---|---|
| GERALD SHAY<br>12 SPRING STREET<br>MEDIA, PA 19063<br>    Plaintiff<br><br>vs.<br><br>Pennsylvania Department of Transportation<br>is an agency of the Commonwealth of<br>Pennsylvania<br>1101 South Front Street<br>Harrisburg, PA. 17104<br>    Defendant<br><br>Joseph Homitz, is an adult individual<br>employed with PennDot as District Manager<br>located at 225 Lancaster Avenue<br>Malvern, PA 19355<br>    Defendant<br><br>Defendant, Matthew Whitaker, is an adult<br>individual, employed with PennDot as a Field<br>Operations Manager<br>1101 South Front Street<br>Harrisburg, PA 17104<br>    Defendant | : NO.<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: JURY TRIAL<br>: DEMANDED |

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE** that the undersigned attorney appears on behalf of Plaintiff, GERALD SHAY, in the above-captioned matter.

Respectfully submitted:
**CASAMENTO & RATASIEWICZ, P.C.**

*//JOSEPH A. RATASIEWICZ//*

BY: _____
JOSEPH A. RATASIEWICZ, ESQUIRE
Attorney for Plaintiff, I.D. #47453
4 West Front St.
Media, PA 19063
610-891-0180 – (O)
610-891-0557-- (F)
candr@candrlawfirm.com
candrlawfirm@gmail.com

## VERIFICATION

I, JOSEPH A. RATASIEWICZ, ESQUIRE, Attorney for Plaintiff in the within matter, aver that the facts set forth in the foregoing answers to interrogatories are true and correct to the best of my knowledge, information and belief and that the statements made herein are subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

//Joseph A. Ratasiewicz//

Date: 9/9/23

JOSEPH A. RATASIEWICZ, ESQUIRE
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CIVIL ACTION

| | |
|---|---|
| GERALD SHAY<br>12 SPRING STREET<br>MEDIA, PA 19063<br>　　　Plaintiff | : NO.<br>:<br>:<br>:<br>: |
| vs. | : |
| Pennsylvania Department of Transportation<br>is an agency of the Commonwealth of<br>Pennsylvania<br>1101 South Front Street<br>Harrisburg, PA. 17104<br>　　　Defendant | :<br>:<br>:<br>:<br>:<br>: |
| Joseph Homitz, is an adult individual<br>employed with PennDot as District Manager<br>located at 225 Lancaster Avenue<br>Malvern, PA  19355<br>　　　Defendant | :<br>:<br>:<br>:<br>: |
| Defendant, Matthew Whitaker, is an adult<br>individual, employed with PennDot as a Field<br>Operations Manager<br>1101 South Front Street<br>Harrisburg, PA 17104<br>　　　Defendant | :<br>:<br>:<br>:<br>: **JURY TRIAL**<br>: **DEMANDED** |

### COMPLAINT

Plaintiff, GERALD SHAY, by and through his attorney, JOSEPH A. RATASIEWICZ, ESQUIRE of the firm of CASAMENTO &

RATASIEWICZ, P.C. hereby brings this action against and in support thereof, alleges the following:

## PARTIES

1. Plaintiff, Gerald Shay, (hereinafter "Shay") is an adult individual who currently resides at 12 Spring Street, Media, PA. 19063.

2. Defendant, Pennsylvania Department of Transportation (hereinafter "PennDot"), is an agency of the Commonwealth of Pennsylvania with its home office located at 1101 South Front Street, Harrisburg, PA. 17104.

3. Defendant, Joseph Homitz, is an adult individual who is employed with PennDot as District Manager at the offices located at 225 Lancaster Avenue, Malvern, PA (hereinafter known as "Frazer").

4. Defendant, Matthew Whitaker, is an adult individual who is employed with PennDot as a Field Operations Manager working out of the 1101 South Front Street, Harrisburg, PA offices of PennDot.

5. Defendant, Commonwealth of Pennsylvania, is the agency that oversees PennDot located 1601 Elmerton, PA 17110.

6. At all times relevant hereto, Plaintiff Shay was working out of the PennDot Frazer center.

## JURISDICTION OF THE COURT

7. This action arises under the Federal Statute Title VI of the Civil Rights Act of 1964, the Federal Statute Title VII of the Civil Rights Act of 1967 (Age Discrimination); the Americans with Disabilities Act of 1990.

## VENUE

8. Venue is proper in this district under 42 U.S.C. Sect. 2000 et seq because the alleged employment practice of national origin and age discrimination was committed in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Shay timely filed a charge of discrimination against PennDot With the Equal Employment Opportunity Commission (EEOC). Shay files this Complaint Within Ninety (90) days after receiving a notice of Right to Sue from the EEOC. A copy of the Notice of Right to Sue is attached hereto as "Exhibit A".

## COUNT I

## DISCRIMINATION UNDER TITLE VII

10. On or about October 2017 Plaintiff was hired by the Commonwealth of Pennsylvania as an aid at the Norristown State Hospital and then applied and was accepted as a driver's license examiner assistant at the Malvern Driver License Center in June 2018, a division of the Pennsylvania Department of Transportation (PennDot)

11. Plaintiff was employed full time at the PennDot Frazer center as a license examiner assistant with duties including processing driver license applications and customer service to applicants.

12. On or about October 22, 2019 Plaintiff filed a grievance regarding improper denial of over-time shortage of pay; which grievance was never resolved. As a result, Plaintiff was never paid his due overtime pay.

13. After filing said grievance in October 2019, a pattern of harassment/retaliation began against Plaintiff by PennDot and Homitz which consisted of: verbal abuse, comments regarding age, false accusations of violations of policies, improper disciplines and denial of promotions, humiliation in front of co-workers by Homitz on many occasions, discriminating actions based on Plaintiff's disability and his use of Family Medical Leave, which harassment/retaliation was ongoing through Plaintiff's termination of employment September 2, 2022.

## AGE DISCRIMINATION

14. At the time Plaintiff was first employed at the PennDot Frazer center he was 59 ears old and thus in a protected class. When the harassment began in October of 2019, Plaintiff was 61 years of age.

15. During the periods of harassment (October 2019 thru August of 2022), numerous public comments were made by Homitz regarding

Plaintiff's age including but not limited to: "I know you didn't grow up with computers like these younger people"; "You're too slow"; "Maybe your hearing is not that good anymore"; "you go to the bathroom too much"; all made in the presence of others which was humiliating and meant to to embarrass Plaintiff about his age and was calculated by defendant Homitz.

16. On numerous occasions while at PennDot, plaintiff applied for promotions and was by-passed for younger employees even though plaintiff had seniority and more experience.

17. Plaintiff did notify PennDot of this age related actions of discrimination in EEO Complaint alerting defendant to the discrimination to which PennDot failed to take any action to correct.

18. Defendants, Homitz and Whitaker, both deliberately overlooked Plaintiff for several promotions based on their discriminatory actions towards Plaintiff.

19. Said discriminatory actions by defendants have harmed Plaintiff in lost wages, lost promotions and emotional distress resulting in medical conditions requiring treatment. Such conduct by defendants is in direct violation of Age Discrimination of Employment Act of 1967, as codified, 29 U.S.C. sections 621 - 634.

## ADA DISCRIMINATION

20. On or about March 2021, plaintiff was diagnosed with a heart condition, high blood pressure, depression, stress and anxiety which required certain accommodations after a 30 day removal from work to assist in recovery during which plaintiff was out on the Family Medical Leave Act (FMLA).

21. Said diagnoses were sent to the ADA Department for the Commonwealth of Pennsylvania along with the accommodations.

22. The FMLA department of the Commonwealth was alerted to these accommodations and then informed the plaintiff that he could return to work as PennDot would not make all such accommodations.

22. Plaintiff was informed by the ADA Department that Homitz and Ronald Scott Johnson ( Regional Manager) refused to allow plaintiff to have such accommodations. Ronald Beatty, Jr. ( Director of Bureau of Licensing) over-rode Homitz and Johnson and permitted the accommodations allowing the plaintiff to return to work.

23. Said accommodations included allowing extra time to review and check work performed by plaintiff and required a union representative at all meetings, which Homitz ignored and also held several meetings with plaintiff without a union rep thus creating a more stressful environment.

24. Regardless of these required accommodations, plaintiff was still held to the same standard as if he didn't require accommodations and was thus written up by Homitz on numerous occasions as "unsatisfactory" in his work performance without regard to those accommodations. These actions created more stress and required continued treatment resulting in more FMLA absences.

25. In February, 2022, Homitz called a meeting with Plaintiff after sending an email requiring Plaintiff to respond to a customer issue.

26. Upon Plaintiff's arrival, Homitz screams at plaintiff to "get in the conference room now" in front of staff and customers at which plaintiff immediately becomes stressed to the point he became light headed with blurred vision, plaintiff went outside to get air, came back into an office feeling faint where Homitz was present.

27. Based on the stress level created by Homitz, Plaintiff had to leave and go home as he was extremely ill.

28. On the next work day, approximately February 3, 2022 in the morning Plaintiff returned to his job but was still not well, reported his ill feeling to Josh Sheerer, but needed several breaks throughout the day.

29. On the next day, approximately February 4, 2022, plaintiff called out sick and had to go back on FMLA. Plaintiff was without pay for several months as a result of having to take this FMLA leave.

30. In or about July 2022, plaintiff was informed that he must return to work or his position would be terminated.

31. On July 30, 2022 plaintiff returned to PennDot and worked the full day.

32. On August 1, 2022, plaintiff reported for work and plaintiff was directed to a conference room wherein plaintiff was informed he was suspended without pay for no cause nor given a reason with suspension lasting until further notice.

33. On September 2, 2022, plaintiff's employment with PennDot was officially terminated by their letter which they indicated was sent out to plaintiff. Said termination letter referenced prior actions by plaintiff which defendant's claim form the basis of said termination.

34. Said reasons for such termination were all a smoke screen for the discriminatory acts of defendants towards Plaintiff's disabilities.

35. Defendant's intentionally and with wanton reckless disregard terminated plaintiff's employment as defendants wanted to rid themselves of

plaintiff due to his disabilities and age as well as his documented medical diagnosis.

36. Defendant's conduct is in direct violation of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. sections 12112 - 12117.

37. Defendants retaliated against plaintiff for taking FMLA for his documented disabilities and their having to make accommodations which they failed to adhere to.

38. Defendants purposely violated the FMLA and ADA when they deliberately forced plaintiff to return to work so that they could fire him.39. Said actions by defendants were in retaliation for the medical leave and accommodations required for plaintiff to maintain employment which defendants did not want to accommodate, as well as the facts surrounding plaintiff's challenge of the non-payment of overtime pay which plaintiff continued to challenge to the date of his termination.

## DAMAGES

40. Plaintiff seeks compensation for lost passed wages, forward wages, lost medical coverage, lost pension, emotional distress and mental anguish in the form of sleeplessness, nervousness, and stress that he felt as a result of the harassment he experienced by Defendants, and punitive damages.

## ATTORNEY'S FEES

41. Plaintiff is entitled to be awarded attorney fees and costs as allowed by law under Title VII, 42 U.S.C. Sect.2000e-5(k).

**WHEREFORE,** for all the above reasons, Shay asks for judgment against the defendants for the following:

(a) Loss of income;

(b) Loss of bonuses, incentives and severance pay;

(c) Mental anguish and emotional distress in form of sleeplessness, nervousness, and stress that he felt as a result of the harassment he experienced by Defendants;

(d) Compensation for humiliation and mental anguish;

(e) Treble and/or punitive damages;

(f) Reasonable attorney's fees. Costs of filing suit; and

(g) Any and all other relief the Court deems proper.

Respectfully submitted:
**CASAMENTO & RATASIEWICZ, P.C.**

BY: //Joseph A. Ratasiewicz//
JOSEPH A. RATASIEWICZ, ESQ.
Attorney I.D. #47453
4 West Front St.
Media, PA 19063
610-891-0180 – Phone

610-891-0557  
candrlawfirm@gmail.com  
candr@candrlawfirm.com

Exhibit "A"

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Philadelphia District Office
801 Market Street, Suite 1000
Philadelphia, PA 19107-3126
Email: PDOcontact@eeoc.gov
Website: eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

To: Mr. Gerald Shay
12 Spring Street
MEDIA, PA 19063

Re: Mr. Gerald Shay v. penndot
EEOC Charge Number: 530-2023-00299

EEOC Representative and phone: Philadelphia Legal Unit, (267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough
Mon Jun 12 00:00:00 EDT 2023

Karen McDonough
Deputy District Director